**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**

IN RE:

LEE MARVIN BLACKABY
BONITA LYN BLACKABY                                   CASE NO. 05-10755

DEBTORS

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Countrywide Home Loans, Inc., ("Creditor"), servicing agent for Preferred Credit Corporation, to vacate or reconsider the Order confirming Debtors' Chapter 13 Plan (Doc. 27). The court heard arguments of counsel at hearings held June 20, 2006 and September 19, 2006 on the motion, as well as the objection thereto filed on behalf of the Debtors Lee Marvin and Bonita Lynn Blackaby ("Debtors") (Doc. 29). At the June 20, 2006 hearing, the court directed the Creditor to supplement the record by providing an affidavit setting forth facts in further support of its motion. After the September 19 hearing, the matter stood submitted to the court for a written decision.

### Factual and Procedural Background

Debtors filed their Chapter 13 petition on September 1, 2005. The petition denotes Creditor as secured, holding a second mortgage on Debtors' house and lot located at 2014 Court Street, Flatwoods, Kentucky 41139. According to the mailing matrix attached to Debtors' petition, the address to which notices of bankruptcy filings were mailed to Creditor was IMPAC/Countrywide Home Loans, P.O. Box 10229, Van

1

Nuys, California 91410-0229. The court's electronic record reflects that Creditor was served with notice of the Chapter 13 filing, of the meeting of creditors and of the deadlines for filing proofs of claims (which deadline was December 27, 2005) and for objecting to confirmation (the deadline being September 25, 2005).

The Debtors' Amended Chapter 13 Plan, however, filed on September 13, 2005, provided that the debt secured by Creditor's second mortgage would be treated as unsecured, due to an allegedly defective notarial acknowledgment on the mortgage document. The Confirmation hearing was held October 18, 2005 without objection from any creditor and upon the recommendation of the Chapter 13 trustee, the court entered an order confirming the Debtors' Amended Plan on November 7, 2005. Creditor filed a secured proof of claim on February 1, 2006, well after the deadline for filing claims, and subsequently moved to vacate or reconsider the order of confirmation on May 17, 2006. The Debtors filed an objection and the matter was first heard by the court on June 20, 2006.

According to Creditor's motion, the address listed by the Debtors in their Chapter 13 petition was not correct for correspondence or notice purposes, resulting in the Creditor's delay in submitting its proof of claim, and ultimately, its opposition to the plan. The court, at the June hearing on Creditor's motion, requested that Creditor submit an affidavit of the custodian of P.O. Box 10229 (the box listed by Debtors as Creditor's address and to which notices herein were mailed) setting forth the ultimate disposition of notices received at the box, including where and to whom such notices are forwarded in the corporation; whether there was a delivery failure in this case; and any other information concerning how Creditor processes such notices. In response, Creditor

obtained and submitted the affidavit of David Upton, Foreclosure and Bankruptcy Manager for IMPAC, wherein he averred that he is "the person most familiar and knowledgeable regarding the treatment of how a 'Notice of Bankruptcy Filing' or copy of a Chapter 13 Plan would be treated when received at IMPAC/Countrywide Home Loans, P.O. Box 10229, Van Nuys, California 91412-0229 address." After describing what he believed would be the general disposition of a "similar" notice without a bankruptcy address in the IMPAC/Countrywide system, Mr. Upton stated that he did not have a tracing history of the bankruptcy notice for the herein Debtors' case, but that using the Van Nuys address "adds an additional layer of review," and that Creditor's database "reflects receipt of Notice of Bankruptcy filing [for Debtors' Chapter 13] on November 29, 2005."

## Discussion

At the outset, the court concludes that 11 U.S.C. section 1330 provides no basis upon which Creditor may seek revocation of the order of confirmation herein. First, the motion is not timely under section1330(a) and even if it were, Creditor has only argued that notice of the bankruptcy and confirmation process were not sent to the internally correct corporate address. There is no evidence that the subject confirmation Order was procured by fraud, as required by section 1330.

Despite the Creditor's claim that it did not receive notice of the Chapter 13 filing in time to object to the treatment provided for it by the Debtors' plan, nothing in the record supports the conclusion that the bankruptcy notices were sent to an invalid address. Indeed, it is clear that the Creditor's own records reflect that it had notice of the bankruptcy filing well before the expiration of the bar date for claims. For reasons not

conveyed to the court, however, Creditor did not timely file its proof of claim. The Creditor's complaint that it did not receive notices of the bankruptcy nor of the confirmation process when the mailings were sent to what the Creditor deems an incorrect, albeit valid, address is not unique and in fact a virtually identical motion was recently argued before the court in another matter.

In *In re Crady*, no. 05-54401, Bankr. E.D.Ky. (2006), this court was presented with the same argument that notice to a valid, but internally incorrect, corporate address was insufficient to place the creditor on notice of the pending bankruptcy and confirmation process. In *Crady*, the court recognized that there is a strong presumption that notices properly addressed, stamped and deposited in the postal system are received by the addressee. *Id.,* Memorandum Opinion (Doc. 68) at p. 4-5 (citing *In re Rayborn,* 307 B.R. 710 (Bankr. S.D.Ala. 2002); *In re O'Bryan,* 246 B.R. 271 (Bankr. W.D.Ky. 1999); and *In re Yoder,* 758 F.2d 1114 (6th Cir. 1985)). The affidavit of Creditor's employee, Mr. Upton, clearly avers that in fact, within some unspecified department, the Creditor did receive notice of the bankruptcy at least prior to the bar date for claims. Although Mr. Upton's affidavit set forth the date upon which Creditor's "database" reflects receipt of the notice of bankruptcy filing, the court's requested affidavit of the P.O. Box custodian was not provided and Creditor had no record of the process with which the subject notice was handled. Consequently, without evidence as to what specific steps were undertaken by the P.O. Box custodian to forward bankruptcy notices to appropriate personnel within the Creditor's corporate structure or facts to support non-receipt, the record here is insufficient to rebut the strong evidence of record

4

that copies of the bankruptcy notices were properly mailed to a valid address of Creditor.

The Creditor's argument that it was the Debtors' failure to list its Simi Valley, California address on the mailing matrix which created or significantly contributed to the notice breakdown is also unavailing.  A fact of life for large modern financial organizations is the utilization of different addresses and departments to handle different types of financial transactions.  **See In re Perviz,** 302 B.R. 357 (Bankr. N.D.Ohio 2003). "Nevertheless, while an octopus may have eight legs, it is still the same octopus.  As a result, bankruptcy law not only requires, but demands, that companies, whether large or small, have in place procedures to ensure that formal bankruptcy notices sent to an internally improper, but otherwise valid, corporate address are forwarded in a prompt and timely manner to the correct person/department." **Perviz,** 302 B.R. at 367.  "This rule has been universally followed by other bankruptcy courts, and is really just an extension of the principle that corporations are expected to have in place procedures to ensure that they comply with all areas of the law." **Id.** (citations omitted).

Because the court concludes that Creditor did receive proper notice of the bankruptcy filing as well as the terms of the amended plan prior to confirmation of same, the court declines to vacate the confirmed plan.  11 U.S.C. section 1327(a) of the Bankruptcy Code states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." An order confirming a Chapter 13 plan is res judicata to all justifiable (*sic)* issues that were, or could have been, decided at the confirmation hearing.  **In re Wellman,** 322 B.R.

298, 301 (6th Cir. BAP 2004) (quotation omitted).  Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for in the confirmed plan. *Id.*  The Creditor had both notice and opportunity prior to confirmation to raise the matters regarding Debtors' amended plan about which it now complains and it is precluded from asking the court to consider such matters now.

The court will enter a separate Order incorporating the terms of this Memorandum Opinion and overruling Creditor's Motion to Vacate or Reconsider Order Confirming Debtors' Chapter 13 Plan.


Copies to:

James P. Stavros, Esq.
Christopher A. Conley, Esq.
Beverly M. Burden, Chapter 13 Trustee
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge
Dated: Thursday, September 21, 2006
(jms)**